John David ALBRECHT, Respondent,

v.

DIRECTOR OF REVENUE, State
of Missouri, Appellant.

No. 17560.

Missouri Court of Appeals,
Southern District,
Division One.

June 3, 1992.

William L. Webster, Atty. Gen., Rodney
P. Massman, Sp. Asst. Atty. Gen., Jefferson City, for appellant.

Samuel J. Short, Jr., Stockton, for respondent.

CROW, Judge.

The Director of Revenue ("Director") appeals from an order of the Circuit Court of Cedar County reinstating the driver's license of John David Albrecht ("Albrecht"). The facts are undisputed.

Albrecht was arrested April 6, 1990, for driving while intoxicated. A chemical test of his breath by a "Breathalyzer Model No. 900" showed an alcohol concentration of .30

of one percent by weight of alcohol in his blood. Director subsequently notified Albrecht that his driver's license was suspended per § 302.505.1,[1] which reads:

The department shall suspend ... the license of any person upon its determination that the person was arrested upon probable cause to believe he was driving a motor vehicle while the alcohol concentration in the person's blood ... was thirteen-hundredths of one percent or more by weight of alcohol in his blood....

An administrative review hearing was held May 30, 1990, per § 302.530, and the suspension was sustained.

Albrecht thereafter commenced this action by filing a petition for trial de novo per § 302.535.1. Prior to trial, Albrecht presented a motion in limine averring the Breathalyzer used in testing his breath did not have maintenance checks performed on it at intervals not to exceed 35 days as required by 19 C.S.R. 20–30.031(3), which reads:

A Type II permittee shall perform maintenance checks on breath analyzers under his/her supervision at intervals not to exceed thirty-five (35) days....

Albrecht's motion prayed the trial court to suppress all evidence of the Breathalyzer test.

"Maintenance checks" are defined by 19 C.S.R. 20–30.011(2)(F), which reads:

Maintenance checks are the standardized and prescribed procedures used to determine that a breath analyzer is functioning properly and is operating in accordance with the operational procedures established by the Department of Health....

As an evidentiary basis for Albrecht's motion in limine, he and Director stipulated maintenance checks were performed on the Breathalyzer on sundry dates including April 2, 1990, and May 15, 1990. On each of those dates the Breathalyzer "checked within specifications."

The trial court ruled that because the interval between the maintenance checks

---

**1.** References to statutes are to RSMo 1986.

exceeded 35 days, there was no assurance the Breathalyzer was functioning properly when used for Albrecht's test April 6, 1990. The trial court granted the motion in limine.

Albrecht thereupon moved for summary judgment. The trial court granted the motion and entered the order challenged by Director in this appeal.

While this appeal was pending, the Supreme Court of Missouri decided *Sellenriek v. Director of Revenue*, 826 S.W.2d 338 (Mo. banc 1992). There, the Court held:

> If the proponent of the test offers proof that a maintenance check has been performed on the machine within 35 days prior to the test in question, then the proponent has demonstrated compliance with the maintenance check aspect of [19 C.S.R. 20–30.031(3)].... The foundational prerequisites for admission of test results under ... the present ... regulations [2] are: 1) the test was performed by following approved techniques and methods of the Division of Health, 2) the operator held a valid permit, and 3) the equipment and devices were approved by the Division.

826 S.W.2d at 340–41.

As we have seen, a maintenance check was performed on the Breathalyzer here four days before it was used to test Albrecht's breath. The maintenance check revealed the Breathalyzer was functioning properly.

Applying *Sellenriek*, we hold the proponent of the test (Director) demonstrated compliance with the "maintenance check" aspect of the regulation. Consequently, the trial court erred in suppressing evidence of the test on the ground set forth in Albrecht's motion in limine.

As that ruling was the basis for summary judgment in favor of Albrecht, the order reinstating his driver's license must be reversed and the case must be remanded to the trial court for further proceedings per § 302.535.

So ordered.

PREWITT, P.J., and PARRISH, J., concur.

---

**2.** 19 C.S.R. 20–30.031 was promulgated in its present form effective September 29, 1988.